ORDERED UNSEALED on 03/5/2025 s/ andreasar
SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ISSAC AUGUSTIN GUERRERO,<br>Defendant. | Case No.: 25-MJ-0442<br>COMPLAINT FOR VIOLATION OF:<br>Title 18, U.S.C., Sec. 922(g)(1) – Felon in Possession of Ammunition |

The undersigned complainant being duly sworn states:

On or about September 8, 2022, within the Southern District of California, defendant Issac Augustin GUERRERO, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: thirty-three (33) rounds of 9mm, Winchester ammunition; in violation of Title 18, United States Code, Section 922(g)(1).

Brandon Farmer

BRANDON J. FARMER
SPECIAL AGENT, ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 31st day of January, 2025.

David Leshner

HON. DAVID D. LESHNER
UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

In early September 2022, a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) confidential informant (CI) notified ATF that the CI was communicating with Issac Augustin GUERRERO via SnapChat regarding the illegal sale of firearms. According to the CI, GUERRERO offered to sell the CI two "P80's", seemingly referring to unserialized firearms (commonly referred to as "ghost guns"). At ATF's direction, the CI agreed with GUERRERO via SnapChat to purchase two firearms for $2,400.

On September 7, 2022, GUERRERO told the CI that one of the firearms had been sold. The CI agreed to still meet with GUERRERO to purchase the remaining firearm for $1,200. GUERRERO provided the CI his phone number, and they arranged to conduct the firearm purchase the next day at an address in Oceanside, California, which is within the Southern District of California.

Ahead of the controlled purchase, ATF provided an undercover ATF Special Agent (UC) with pre-recorded ATF funds to purchase the firearm. The UC and CI were equipped with audio and video-recording devices. The CI then contacted GUERRERO to say that the UC and CI were enroute to the agreed-upon deal location.

At approximately 3:42 p.m. on September 8, 2022, the CI notified GUERRERO that they had arrived at the designated address in Oceanside, California. Surveillance units observed GUERRERO walking toward the UC vehicle, carrying a plastic bag. GUERRERO entered the front-passenger side of the UC vehicle.

From the plastic bag, GUERRERO retrieved an unserialized 9mm firearm. The firearm was loaded with eight rounds of 9mm Winchester-brand ammunition. Also from the plastic bag, GUERRERO retrieved a thirty-round extended magazine with twenty-five additional rounds of 9mm Winchester-brand ammunition. The UC paid GUERRERO $1,200 for the firearm, magazines, and ammunition. GUERRERO then exited the UC vehicle and was observed entering a nearby residence.

Records checks on GUERRERO revealed multiple felony convictions, including but not limited to, the following convictions:

| Conviction Date | Charge(s) | Sentence |
|---|---|---|
| 05/05/2020 | Assault with a Deadly Weapon with Force: Possible GBI, C.P.C. § 245(a)(4); Vandalism, C.P.C. § 594(b)(1); Criminal Storage of a Firearm, C.P.C. § 25100(c) | 365 days' jail; 3 years' probation |
| 08/04/2021 | Felon in Possession of a Firearm, C.P.C. § 29800(a)(1); Assault with a Deadly Weapon with Force: Possible GBI, C.P.C. § 245(a)(4); Vandalism, C.P.C. § 594(b)(1) | 32 months' jail |

The 9mm Winchester ammunition was seized and inspected. Preliminary checks revealed that the ammunition was not manufactured in California. Therefore, the ammunition traveled in and/or affected interstate commerce to arrive in the state of California.

**REQUEST FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.